IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:<br>Dominic Joseph DeCantis | CHAPTER: | 13 |
|---|---|---|
| **Debtor** | CASE NO. | 5:22-bk-01826-MJC |

## FEE APPLICATION COVER PAGE

The Trustee has reviewed the fee application filed for work performed between the dates of May 14, 2024 and November 10, 2025 and he has no objection to the Court issuing an Order allowing $50.00 for work completed within this timeframe.

This **final** fee application is being filed in order to make final the interim order that the Court entered on September 30, 2025 ("the First Fee App Order"). That order was likely not appealable because interim fee application orders are subject to final adjustment and generally not considered to be final.[1] The Applicant, not having considered this issue, prematurely appealed the First Fee App Order. That appeal is currently pending in the district court. However, once a final order on fees is entered, then the First Fee App Order becomes final and subject to appeal.[2] Finality may cure the issue for the existing appeal, allowing it to go forward.[3]

Applicant waives any right to seek fees other than those fees that: (a) were the subject of the First Fee App Order or (b) are sought in this fee application.

Because the instant application is for less than $1,000.00, under Rule 2002(a)(2)(6), no notice to creditors is required. The previous fee award is not to be considered when applying the $1,000 limitation to the instant application.[4]

---

[1] See e.g., *In re Valley Forge Plaza Assocs.*, 119 B.R. 471, 472 (E.D. Pa. 1990).
[2] Where there is no possibility that a party can be granted additional fee requests, a fee award is final. *In re Yermakov*, 718 F.2d 1465, 1469 (9th Cir. 1983).
[3] "A notice of appeal filed after the bankruptcy court announces a decision or order--but before entry of the judgment, order, or decree--is treated as filed on the date of and after the entry." Bankruptcy Rule 2002(a)(2); *see also DL Res., Inc. v. FirstEnergy Sols. Corp.*, 506 F.3d 209, 216 (3d Cir. 2007)(the appellate court "may entertain an appeal from a nonfinal order if an order which is final is subsequently entered before our adjudication on the merits")(non bankruptcy case). However, it is the district court that would be tasked with deciding whether later finality actually cures the premature notice.
[4] *See* Committee Notes on Rules — 2000 Amendment to Rule 2002, Fed. R. Bankr. P. 2002, para. (a)(6) (2000).

LOCAL BANKRUPTCY FORM 2016-2(b)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Dominic Joseph DeCantis

CHAPTER: 13

Debtor | CASE NO. 5:22-bk-01826-MJC

APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

*(Name of applicant)* Carlo Sabatini applies for approval of compensation as Chapter 13 Debtor(s)' counsel and for reimbursement of expenses pursuant to 11 U.S.C. § 330 as follows:

1. Applicant is counsel for Debtor(s) Dominic Joseph DeCantis.

2. Debtor(s) filed a petition for bankruptcy relief on September 22, 2022 *(date)*.

3. Applicant previously filed a Disclosure of Compensation of Attorney for Debtor(s) pursuant to Fed. R. Bankr. P. 2016(b), which is attached as Exhibit "A" to this Application.

4. This Application is a final application *(state whether an interim or final application)*.

5. (*Check all applicable items*)
   ☒ a. Debtor(s)' Chapter 13 Plan was confirmed on January 6, 2023 *(date)*.

   ☐ b. The order approving the last post-confirmation modification on Debtor(s)' confirmed Chapter 13 plan was entered on **Select date** *(date)*.

   ☐ c. Debtor(s) have not confirmed a Plan.

6. The dates and amounts of previous compensation paid are:
   a. as a retainer $500.00 on June 13, 2022 *(list dates and amounts)*;

   b. paid by the Chapter 13 Trustee through a confirmed Plan $6,758.40 on October 10, 2025 *(list dates and amounts)*;

   c. other Debtor paid $313.00 on June 13, 2022 as advanced cost for filing fee. *(describe source, amount and date paid)*.

7. Compensation previously approved by the Court following the filing of an interim Application are: $7,571.40 approved by court order dated 9/30/2025 *(dates and amounts)*.

8. If Applicant has not agreed with Debtor(s) to accept the Presumptively Reasonable Fee ("PRF"), or is filing a supplemental fee application, Applicant requests compensation in the amount of $<u>50.00</u> and reimbursement of expenses in the amount of $ <u>0</u> for the period of <u>December 2, 2023</u> to <u>the end of the case</u>. A chronological listing of services performed and itemization of expenses for which reimbursement is requested for this time is attached as Exhibit "B" to this Application.

9. Legal services were performed by all professionals at the hourly rates set forth at the beginning of the chronological listing of services provided on Exhibit "B."

10. *(Check one)*

    ☒ Debtor(s) have reviewed this Application prior to its filing and have approved the requested amounts.

    ☐ Debtor(s) have reviewed this Application prior to its filing and have not approved the requested amounts.

    ☐ Debtor(s) have not reviewed this Application prior to its filing.

    ☐ Debtor(s) have not approved the requested amounts.

11. Objections are pending to the following prior fee applications: (*list date application was filed and name of objector, if no objections pending state "none"*).
    <u>None</u>.

WHEREFORE, your Applicant respectfully requests this Honorable Court to approve the requested compensation in the amount of $ <u>50.00</u> and reimbursement of expenses in the amount of $ <u>0.00</u> pursuant to 11 U.S.C. § 330, and if this is a Final Fee Application, to determine that all prior interim orders are final.

Dated: November 12, 2025              /s Carlo Sabatini
                                      Applicant's Signature